UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LAYDEN NATHANIEL BUTLER-UMANOS,<br><br>Plaintiff,<br><br>v.<br><br>MATT HASSEL,<br><br>Defendant. | CAUSE NO. 3:20-CV-18 DRL-MGG |

OPINION AND ORDER

Layden Nathanial Butler-Umanos, a prisoner without a lawyer, filed a complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint, Mr. Butler-Umanos alleges that, since his arrival at the Marshall County Jail, he has been subjected to overcrowded cells, unsanitary conditions, and cold showers. "[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that amount to punishment." *Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017). "A pretrial condition can amount to punishment in two ways: first, if it is imposed for the purpose of punishment, or second, if the condition is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the government action is punishment." *Id.* While Mr. Butler Umanos may be able to state a valid claim, for constitutional claims

under 28 U.S.C. § 1983, "liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). Mr. Butler-Umanos names Matt Hassel as a defendant, but he does not describe how Mr. Hassel violated his constitutional rights or how Mr. Hassel was personally involved with his claims. Therefore, Mr. Butler-Umanos may not proceed on this complaint.

Nevertheless, Mr. Butler-Umanos may file an amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). If he chooses to file an amended complaint, he should use the court's approved form and must put the case number of this case on it, which is on the first page of this order. He must describe his interactions with each individual defendant in detail, including names, dates, location, and explain how each defendant was responsible for harming him.

For these reasons, the court:

(1) GRANTS Laydon Nathaniel Butler-Umanos until <u>February 10, 2020</u> to file an amended complaint; and

(2) CAUTIONS Laydon Nathaniel Butler-Umanos that, if he does not respond by this deadline, this case will be dismissed without further notice.

SO ORDERED.

January 10, 2020                                                              *s/ Damon R. Leichty*
                                                                                     Judge, United States District Court