UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LAYDON NATHANIEL BUTLER-UMANOS, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:20-CV-18-DRL-MGG |
| MATT HASSEL, | |
| Defendant. | |

OPINION & ORDER

Laydon Nathaniel Butler-Umanos, a prisoner without a lawyer, filed an amended complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Still, under 28 U.S.C. § 1915A, the court must review the complaint and dismiss an action that is frivolous or malicious, fails to state a claim, or seeks monetary relief against an immune defendant. To state a 42 U.S.C. § 1983 claim, "a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the amended complaint, Mr. Butler-Umanos alleges that, at the Marshall County Jail, he was forced to sleep on the floor and was deprived of hot water for showers from August 21, 2019 to September 24, 2019. Though another inmate informed Sheriff Hassel of these conditions on August 22, 2019, as alleged, Sheriff Hassel allowed them to persist.

Because Mr. Butler-Umanos is a pretrial detainee, the court must assess his claims under the Fourteenth Amendment instead of the Eighth Amendment. *See Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017). "[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that amount to punishment." *Id.* "A pretrial condition can

amount to punishment in two ways: first, if it is imposed for the purpose of punishment, or second, if the condition is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the government action is punishment." *Id.* A pretrial detainee can "prevail by providing only objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). Giving Mr. Butler-Umanos the inferences to which he is entitled at this stage of the proceedings, the complaint states a plausible Fourteenth Amendment claim against Sheriff Hassel.

Mr. Butler-Umanos also filed a motion for leave to proceed *in forma pauperis*. However, this motion is denied as unnecessary because the court has already granted Mr. Butler-Umanos leave to proceed *in forma pauperis*. ECF 3. For these reasons, the court:

(1) DENIES as UNNECESSARY the motion to leave to proceed *in forma pauperis* (ECF 5);

(2) GRANTS Laydon Nathaniel Butler-Umanos leave to proceed on a Fourteenth Amendment claim against Sheriff Matt Hassel for money damages for depriving him of hot water and forcing him to sleep on the floor from August 21, 2019, to September 24, 2019;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Sheriff Matt Hassel at the Marshall County Jail with a copy of this order and the amended complaint (ECF 4) as required by 28 U.S.C. § 1915(d); and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Sheriff Matt Hassel to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which Layden Nathaniel Butler-Umanos has been granted leave to proceed in this screening order.

SO ORDERED.

March 18, 2020  *s/ Damon R. Leichty*
Judge, United States District Court